IN THE MATTER OF CALLIE HOOPER KING, ADMINISTRATRIX OF THE ESTATE OF ALBERT KING, DECEASED; AND ROBERT I. KING AND WIFE, CALLIE HOOPER KING, PETITIONERS v. MARY ALICE KING LEE AND HUSBAND, CHARLIE LEE; IRENE KING BROADNAX AND HUSBAND, ROBERT BROADNAX; WILLIE ALBERT KING AND WIFE, DOROTHY LAWSON KING; DAVID KING, SINGLE; FRANCES KING GALLOWAY AND HUSBAND, JOHN GALLOWAY; BESSIE KING GALLOWAY AND HUSBAND, FRANK GALLOWAY; JESSIE KING LAWSON AND HUSBAND, LINDSEY LAWSON; PRICIE KING HARRIS, WIDOW; DAISY KING TOTTEN AND HUSBAND, JAMES TOTTEN; GEORGE KING AND WIFE, FRANCES G. KING; JIMMIE A. KING AND WIFE, JUANITA SELLERS KING; AND HENRY KING, WIDOWER, DEFENDANTS

No. 50

(Filed 10 June 1971)

1. Partition § 4— conversion of partition proceeding into action to try title

Partition proceeding was converted into an action to try title as in ejectment where the answering defendants denied that petitioners' intestate owned any interest in one tract sought to be partitioned and pleaded that one defendant is the sole owner thereof in fee.

2. Ejectment § 7— burden of proof

The burden was on petitioners in an action to try title as in ejectment to show title as alleged.

3. Ejectment § 6— common source doctrine

Whenever both parties claim under the same person, neither of them can deny his right, and as between them, the elder is the better title and must prevail.

4. Ejectment § 10— insufficiency of evidence of title

In this action to try title as in ejectment, petitioners failed to establish ownership of the land in controversy by their intestate at the time of his death and present ownership thereof by the intestate's children as tenants in common.

King v. Lee

5. **Rules of Civil Procedure § 50— directed verdict in favor of party having burden of proof**

Since the burden of proof was on petitioners in this action to try title as in ejectment, the granting of their motion for a directed verdict was erroneous.

6. **Ejectment § 10; Rules of Civil Procedure § 50— failure of petitioners to carry burden of proof — directed verdict for defendants**

Where petitioners failed to carry their burden of proof in this action to try title as in ejectment, the motion of defendants under G.S. 1A-1, Rule 50(a), for a directed verdict against petitioners should have been granted in the absence of a motion by petitioners for an order of voluntary dismissal without prejudice under Rule 41(a)(2).

7. **Rules of Civil Procedure § 41; Trial § 29— voluntary dismissal without prejudice**

In contrast to former practice, a voluntary dismissal without prejudice is permissible under Rule 41(a)(2) only when so ordered by the court, in the exercise of its judicial discretion, upon finding that justice so requires.

8. **Rules of Civil Procedure §§ 41, 50— remand to superior court — motion for voluntary dismissal — directed verdict**

Upon remand of this action in ejectment to the superior court, petitioners are entitled to move, prior to the granting of defendants' motion for a directed verdict and the entry of a judgment adverse to petitioners, that an order be entered providing for a voluntary dismissal without prejudice upon such terms and conditions as justice requires; whether such order should be entered will be addressed to the discretion of the superior court.

ON *certiorari*, granted on motion of petitioners, to review the decision of the Court of Appeals reported in 9 N.C. App. 369, 176 S.E. 2d 394, docketed and argued in the Supreme Court as No. 75 at Fall Term 1970.

Upon appeal by defendants Willie Albert King and wife, Dorothy Lawson King, from the judgment entered by *McConnell, J.,* at the March 9, 1970 Session of ROCKINGHAM Superior Court, the Court of Appeals found error in the judgment and remanded the cause for entry of a new judgment in accordance with its directions.

Albert King died intestate on January 15, 1968. On September 3, 1968, Callie Hooper King, wife of Robert I. King, was appointed administratrix of the estate of Albert King. Robert I. King is one of the thirteen children of Albert King.

On April 22, 1969, Callie Hooper King, as administratrix, and Robert I. King and wife, Callie Hooper King, individually,

instituted this special proceeding for a partition sale of lands allegedly owned by Albert King. All twelve of the brothers and sisters of Robert I. King and their spouses are defendants and have been served with process.

Petitioners alleged that Albert King, the intestate, was the owner in fee simple of three tracts of land in Ruffin Township, Rockingham County, separately described as Tract #1, Tract #2 and Tract #3. They excepted from Tract #3 two lots (described with particularity) which they alleged had been previously conveyed out of Tract #3.

Petitioners alleged each of the children of Albert King is entitled to a 1/13th interest in the described lands; that an actual partition could not be made without injury to the interested parties; and prayed that a commissioner be appointed to advertise and sell the lands.

The only answer was that filed by defendants Willie Albert King and wife, Dorothy Lawson King. They admitted that Albert King at the time of his death was the owner in fee simple of the lands described in the petition as Tract #1 and as Tract #2 and interposed no objection to a partition sale thereof. They "specifically denied that Albert King, father of Willie Albert King, was the owner of any interest" in the land described in the petition as Tract #3. They asserted the two lots referred to in the petition as having been previously conveyed out of Tract #3 had been conveyed out of Tract #2, not out of Tract #3.

By way of cross action, the answering defendants alleged that Willie Albert King is the sole owner and in possession of the land described as Tract #3. They prayed that Willie Albert King be adjudged the owner of Tract #3 and for judgment removing the cloud cast upon his title thereto by the allegations of the petition.

Tract #3 is described in the petition and also in the cross complaint as follows: "TRACT #3: It being a tract or parcel of land situated in Rockingham County near the Caswell County and Rockingham County line, described and bounded as follows: Bounded on the North by the Watlington Estate; on the East by the lands of Lester Harrelson; on the South by Paw Paw branch and the R. H. Johnston homeplace; on the West by Hogan's Creek and the lands of J. L. Butler, containing 100

acres, more or less, and being a part of the Billie Garrett tract, later owned by George Johnston. Paw Paw branch is the south boundary of the lands herein conveyed; Hogan's Creek and the lands of J. L. Butler are the western boundary thereof and the Watlington line is the northern boundary. The northeastern boundary is a small branch running from Lester Harrelson's land southeasterly to Paw Paw branch."

By order of September 22, 1969, the clerk transferred the proceeding to the civil issue docket for trial of the issue as to the ownership of Tract #3.

At trial in the superior court, petitioners offered in evidence, as proof that Albert King, the intestate, was the owner in fee simple of Tract #3 at the time of his death, the following:

(1) The record and original of a deed dated September 11, 1946, recorded in Book 373, Page 593, in the office of the Register of Deeds of Rockingham County, North Carolina, "by B. M. Johnston and wife, Mattie I. Johnston, . . . of the first part, to Albert King and wife, Lula King, . . . of the second part." This deed provides "(t)hat said parties of the first part in consideration of two thousand dollars ($2,000.00) to them paid *by parties of the first part*, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do grant, bargain, sell and convey *to said parties of the first part* and their heirs and assigns, to be held by the parties of the second part by the entireties their heirs and assigns, a certain tract or parcel of land in Rockingham County, State of North Carolina, and adjoining the lands of B. M. Johnston, Lester Harrelson, J. L. Butler and others, and bounded as follows:" (Our italics.) Then follows a description in exact accord with the description of Tract #3 in the petition and in the cross complaint. The *habendum* clause and the warranty provisions are regular in form and run to the parties of the second part, their heirs and assigns.

(2) A record of the death of Lula King, wife of Albert King, on June 5, 1947.

(3) Tax listings for Ruffin Township: In the name of Albert King for 1967; in the name of Albert King, deceased, for 1968; in the name of Albert King Estate for 1969; in the name of Albert King Estate for 1970. These are listings of real property which petitioners *contend* include the land referred to as

Tract #3. The answering defendants *contend* these listings describe lands lying *west* of Hogan's Creek.

(4) Tax listings for Ruffin Township in the name of Willie Albert King for the years 1967, 1968, 1969 and 1970. These listings do not include real property.

There was no evidence the land referred to as Tract #3 is in Ruffin Township. Nor was there evidence with reference to the payment of taxes assessed on the basis of any of the above listings. Nor was there evidence of the location of Tract #3 on the surface of the earth or of the person(s) in actual possession thereof.

At the close of the evidence offered by petitioners, the answering defendants moved for a directed verdict, stating specific grounds therefor. Upon denial thereof, they rested their case without offering evidence, renewed their motion for a directed verdict and restated the specific grounds therefor. This motion was denied. Thereupon, petitioners moved for a directed verdict in their favor.

Allowing petitioners' motion, the court, on the evidence offered by petitioners, adjudged that the thirteen children (naming them) of Albert King, deceased, were the owners in fee simple as tenants in common of Tract #3 and remanded the proceeding to the clerk of the superior court for appropriate orders.

The answering defendants excepted to the denial of their motions for a directed verdict, to the court's refusal to sign the judgment they had tendered, and to the judgment, and appealed to the Court of Appeals.

*Bethea, Robinson & Moore, by Norwood E. Robinson, for petitioner appellants.*

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for defendant appellees Willie Albert King and Dorothy Lawson King.*

BOBBITT, Chief Justice.

[1, 2] The denial by the answering defendants that Albert King, the father of defendant Willie Albert King, owned any interest in Tract #3, and their plea that defendant Willie Albert King is the sole owner thereof in fee, converted the proceeding into an action to try title as in ejectment. 6 Strong, N. C. Index

2d, Partition § 4, at 199 (1968). The burden was on petitioners to show title as alleged, that is, the tenancy in common. *Bailey v. Hayman,* 218 N.C. 175, 177, 10 S.E. 2d 667, 668 (1940); *Jernigan v. Jerigan,* 226 N.C. 204, 206, 37 S.E. 2d 493, 494 (1946), and cases cited. This required proof that title to Tract #3 was in Albert King at the time of his death.

**[3]** Petitioners, in attempting to prove the alleged tenancy in common, relied upon the sixth method stated in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889), that is, the common source doctrine. This doctrine is aptly stated by Justice Battle in *Gilliam v. Bird,* 30 N.C. 280, 283 (1848), as follows: "(W)henever both parties claim under the same person, neither of them can deny his right, and then, as between them, the elder is the better title and must prevail." This statement is quoted with approval in *Stewart v. Cary,* 220 N.C. 214, 221, 17 S.E. 2d 29, 33 (1941), where many cases relating to the common source doctrine are cited. See Annotation, "Comment Note.—Common Source of Title Doctrine," 5 A.L.R. 3d 375 (1966).

**[4, 5]** The fallacy in petitioners' position and in the ruling and judgment of the trial judge lies in the fact that defendant Willie Albert King does not claim under his father, Albert King; on the contrary, he asserts Albert King owned no interest in Tract #3 when he died. Under these circumstances, as held by the Court of Appeals, petitioners failed to establish that Tract #3 is owned by the thirteen children of Albert King as tenants in common. Since the burden of proof was on petitioners, the granting of their motion for a directed verdict was clearly erroneous. See *Cutts v. Casey,* 278 N.C. 390, 417, 180 S.E. 2d 297, 311. The judgment in petitioners' favor, impliedly vacated by the Court of Appeals, is expressly vacated.

**[6]** On account of petitioners' failure to offer evidence sufficient to show ownership of Tract #3 by Albert King at the time of his death and present ownership thereof by his thirteen children as tenants in common, the motion of the answering defendants under Rule 50(a), G.S. 1A-1, for a directed verdict against petitioners should have been granted in the absence of a motion by petitioners for an order of voluntary dismissal without prejudice under Rule 41(a)(2). *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). As to this, our decision is in full accord with that of the Court of Appeals. However, further consideration must be given to that portion of the decision of

the Court of Appeals which remands the cause to the superior court for the entry of a judgment which (1) denies petitioners' request for a partition sale of Tract #3, and (2) remands the cause to the clerk of the superior court for further proceedings relating to the partition sale of Tract # 1 and Tract #2.

[7] Under Rule 41 (a) (2), at the instance of the plaintiff, the court may permit *a voluntary dismissal* upon such terms and conditions as justice requires. *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217, 91 L. Ed. 849, 853, 67 S. Ct. 752, 755 (1947) ; Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest Intra. L. Rev. 1, 38 (1969). In contrast to the former practice (see 7 Strong, N. C. Index 2d, Trial § 29—Voluntary Nonsuit), a dismissal without prejudice is permissible under Rule 41 (a) (2) only when so ordered by the court, in the exercise of its judicial discretion, upon finding that justice so requires. See *Safeway Stores v. Fannan,* 308 F. 2d 94 (9th Cir. 1962).

[8] We apprehend the order of remand of the Court of Appeals will be understood as a positive directive that the superior court enter a judgment adverse to petitioners with reference to the portion of the proceeding which relates to Tract #3. Under Rule 41 (a) (2), the court *may,* at the instance of the petitioners, order a voluntary dismissal *without prejudice* upon such terms and conditions as justice requires. Thus, prior to granting the motion of the answering defendants for a directed verdict against petitioners and the entry of a judgment adverse to petitioners, petitioners are entitled to move, if so advised, that an order be entered providing for a voluntary dismissal upon such terms and conditions as justice requires. Whether such order should be entered will be addressed to the discretion of the superior court judge.

In respect of Tract #3, petitioners' case failed because of the deficiency in the evidence. Seemingly, petitioners' counsel and the court proceeded under a misapprehension of the applicable law. Admittedly, Albert King died intestate and defendant Willie Albert King is one of his thirteen children. Willie Albert King denies his father owned Tract #3 and pleads sole seizin.

Whether petitioners can convince the superior court, prior to granting the motion of the answering defendants for a directed verdict against petitioners and the entry of a judgment adverse to petitioners, that additional evidence is available which,

King v. Lee

if brought forward and presented in a new proceeding, would establish their right to partition, will be for consideration and determination by the superior court judge. The obvious purpose of Rule 41 (a) (2) is to permit a superior court judge in the exercise of his discretion to dismiss an action without prejudice if in his opinion an adverse judgment with prejudice would defeat justice. Whatever the merits of the present controversy, it appears plainly that the facts in evidence at the trial did not afford a basis upon which the court could adjudicate the respective rights of petitioners and defendants.

On this appeal, it is unnecessary to determine whether the evidence offered by petitioners is also deficient because of the absence of evidence tending to locate Tract #3. If the court should order a voluntary dismissal without prejudice under Rule 41 (a) (2), petitioners would be well advised, before instituting a new partition proceeding, to determine whether they are in position to offer evidence sufficient to establish the location of Tract #3 on the surface of the earth. It is noted that the two lots which petitioners purport to except from Tract #3 are described in the petition, *inter alia*, as portions of the property conveyed to Albert King by *Hence King and wife, Maggie King*, by deed dated January 21, 1933, registered in Book 278, Page 274, Rockingham County Registry.

The answering defendants contend it is not incumbent upon them to set forth in their pleading the facts upon which defendant Willie Albert King bases his plea of sole seizin. Whether their pleading is deficient in this respect is not presented. Be that as it may, Rule 33 prescribes the procedure by which defendant Willie Albert King could have been required to state the facts on which the plea of sole seizin was based.

As noted above, the judgment in favor of petitioners based on the granting of their motion for a directed verdict is vacated. The decision of the Court of Appeals is modified so as to permit petitioners to move for a voluntary dismissal *without prejudice* prior to granting the motion of the answering defendants for a directed verdict against petitioners and the entry of a judgment adverse to petitioners. If the court, in the exercise of its discretion, grants petitioners' motion for a voluntary dismissal, it will enter an order to that effect upon such terms and conditions as justice requires. If the court, in the exercise of its discretion, denies petitioners' motion for a voluntary dismissal, it will enter a judgment adverse to petitioners.

The decision of the Court of Appeals is modified as provided herein. The cause is remanded to the Court of Appeals with directions to that court to remand the case to the Superior Court of Rockingham County for further proceedings in respect of Tract #3 as provided herein.

Modified and remanded.