CHARLES W. THOMPSON AND WIFE, AVIS L. THOMPSON v. TOWN AND COUNTRY CONSTRUCTION COMPANY, INC.

No. 7817SC144

(Filed 19 December 1978)

1. Trial § 9.2— mistrial—when appealable

An order declaring a mistrial is appealable only if the trial judge has abused his discretion.

2. Trial § 9.2; Rules of Civil Procedure § 41.1— mistrial to further ends of justice—standards for voluntary dismissal

The standards governing the granting of a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(2) upon a finding that justice so requires should also be applied in ascertaining whether a judge was warranted in declaring a mistrial "to further the ends of justice."

3. Trial § 9.2— mistrial—ends of justice—plaintiffs unrepresented by counsel

In an action for breach of contract by failing to construct a house in a workmanlike manner, the trial court did not err in ordering a mistrial "to further the ends of justice" when plaintiffs failed to present competent evidence of specific defects in the house and of damages because they were unrepresented by counsel where the evidence offered was sufficient to show that plaintiffs may have a valid claim which could be effectively presented to the court with the assistance of counsel.

APPEAL by defendant from *Crissman, Judge.* Order entered 6 October 1977 in Superior Court, SURRY County. Heard in the Court of Appeals in Winston-Salem on 15 November 1978.

On 6 August 1974, plaintiffs brought an action alleging that defendant had built a house for them, had breached the contract and had failed to construct the house in a reasonable workmanlike manner and that many of the materials used were unsuitable and defective. The defendant generally denied the allegations and counterclaimed for moneys due for additional work done.

Plaintiffs were not represented by counsel at the trial. The plaintiffs' evidence tended to show that the parties entered into a contract in 1972 for the defendant to build a home for the plaintiffs. Since the house has been completed, water has been leaking into the ceiling, several pipes have broken, and the house has warped. There is a smell of smoke in the house and plaintiffs have cut off the water to keep the water from entering the electrical units. Mrs. Thompson testified that water leaked through the

chandeliers and that within the first year after the house was built the whole living room ceiling dropped. The defendant tried to jack the ceiling up but failed to correct the problem. Mrs. Thompson also testified that the wood was not in straight lines around the eaves. At the close of plaintiffs' evidence, defendant moved to dismiss the plaintiffs' action for failure to prove the allegations in the complaint. Judge Crissman denied defendant's motion, withdrew a juror and declared a mistrial, "for fear that something unfair will be done where they are concerned with their lawsuit. . . ."

From the order denying defendant's motion and declaring a mistrial, defendant appeals.

*Malone, Johnson, DeJarmon & Spaulding by C. C. Malone, Jr. and Albert L. Willis for plaintiff appellees.*

*Folger & Folger by Larry Bowman for defendant appellant.*

CLARK, Judge.

Since it is apparent that the trial judge denied defendant's motion for directed verdict in anticipation of withdrawing a juror and declaring a mistrial, we will first determine whether the order declaring a mistrial is appealable.

[1] An order declaring a mistrial is appealable only if the trial judge has abused his discretion. See, *Keener v. Beal*, 246 N.C. 247, 98 S.E. 2d 19 (1957). A judge may withdraw a juror and declare a mistrial when "necessary to prevent the defeat of justice or in the furtherance of justice. . . ." 76 Am. Jur. 2d, Trial, § 1073; 2 McIntosh, N.C. Practice & Procedure, § 1548 (1956). *State v. Tyson*, 138 N.C. 627, 50 S.E. 456 (1905). The trial judge is "clothed with this power because of his learning and integrity, . . . [T]he law intends that the Judge will exercise it to further the ends of justice, . . ." *Moore v. Edmiston*, 70 N.C. 470, 481 (1874).

There are no North Carolina cases which hold that a mistrial may be ordered "to further the ends of justice" when a litigant has failed to present competent evidence because he was not represented by counsel. However, the North Carolina Supreme Court has indicated what standards should be applied in ordering a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(2) "upon

finding that justice so requires." *King v. Lee*, 279 N.C. 100, 106, 181 S.E. 2d 400, 404 (1971). That Rule provides:

> "By Order of Judge.—Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice. . . ."

Rule 41(a)(2) is designed "to take care of the hardship case where, for quite legitimate reasons, the plaintiff is unable to press his claim." Official Comment, G.S. 1A-1, Rule 41(a)(2).

In *King v. Lee, supra*, petitioners' counsel proceeded at trial under a misapprehension of the applicable law. The North Carolina Supreme Court indicated that on remand the trial judge could order a voluntary dismissal pursuant to Rule 41(a)(2), if a judgment adverse to petitioners would "defeat justice." 279 N.C. at 107, 181 S.E. 2d at 404. The court noted that in determining whether or not to order a dismissal, the trial court should consider the likelihood that the petitioners could present evidence entitling him to relief.

[2]  The judge is clothed with the power to declare a mistrial for the same reason that he is empowered to order a voluntary dismissal. It follows that the standards governing the granting of Rule 41(a)(2) dismissals should also be applied in ascertaining whether a judge was warranted in declaring a mistrial "to further the ends of justice."

[3]  In the case *sub judice*, the plaintiffs offered evidence tending to show the results of construction defects without describing the defects which would show that the house was constructed in an unworkmanlike manner, and though in their complaint they prayed for damages, they offered no evidence of money damage, both testifying that they did not want money but only wanted the defects repaired. The evidence offered was sufficient to show that the plaintiffs may have a valid claim which could be effectively presented to the court with the assistance of competent counsel.

Applying the standards set forth by the Supreme Court in *King*, it is clear that the trial judge did not abuse his discretion in declaring a mistrial.

Since the trial judge was warranted in ordering the mistrial, we do not deem it necessary to consider defendant's contention that the directed verdict was improvidently denied.

Affirmed.

Judges MITCHELL and WEBB concur.