STATE OF NORTH CAROLINA v. JOHNNY LEE KEYES

No. 8119SC432

(Filed 16 February 1982)

**1. Criminal Law § 141— habitual felon—allegations in principal felony indictment**

An indictment alleging habitual felon status was not subject to quashal because the principal felony indictment did not refer to defendant's alleged status as an habitual offender.

**2. Criminal Law § 141— habitual felon proceeding—empanelment of jury**

Defendant was not prejudiced by failure of the court officially to re-empanel the jury, if·that were necessary, prior to the beginning of an habitual felon proceeding.

**3. Constitutional Law § 46— refusal to permit withdrawal of appointed counsel—reappointment of counsel for appeal**

Defendant was not denied the effective assistance of counsel by the trial court's refusal to permit appointed counsel to withdraw on the day of trial because counsel believed that defendant would testify and perjure himself, and the trial court did not abuse its discretion in reappointing counsel to prosecute defendant's appeal, where the record shows that defendant was well represented in his trial and on appeal.

**4. Criminal Law § 66.5— pretrial identification procedure—no right to counsel**

Defendant had no right to counsel when he was brought to a convenience store for identification by a store employee some 30 minutes after the employee had been robbed where the case was still in the investigatory stages and defendant had not been charged with anything at the time officers took him to the store.

**5. Criminal Law § 66.6— pretrial showup not unduly suggestive**

A pretrial identification procedure at which defendant was identified by an employee of a convenience store which had been robbed while sitting in a patrol car outside the store was not so unduly suggestive as to offend due process requirements where the robbery occurred only 30 minutes before the identification; the employee had seen defendant in the store prior to the time of the robbery; the employee gave defendant money from both a safe and the cash register during the robbery; the store was well lighted and the employee could see defendant well; and the employee, having been told by his employer not to try to be a hero but just to get a good description, observed defendant closely.

**6. Criminal Law § 128.2— newspaper articles—denial of mistrial**

The trial court did not err in refusing to declare a mistrial because two jurors had seen the headline of a newspaper article about prosecution of defendant as an habitual felon where the court determined that neither juror had read the article, the court ruled that seeing the headline did not violate instructions not to read anything about the case, and the court again instructed

the jury not to read about the case and to disregard anything that the jurors might have seen.

APPEAL by defendant from *Wood, Judge.* Judgment entered 5 December 1980, Superior Court, ROWAN County. Heard in the Court of Appeals 14 October 1981.

Defendant was charged by indictment dated 8 September 1980 with armed robbery and by indictment dated 3 November 1980 with having committed the "robbery . . . while an habitual felon; he having been convicted of or having entered a plea of guilty to three felony offenses in the Superior Court of Rowan County." He was found guilty of armed robbery, and the jury returned a verdict adjudging him to be an habitual felon. From entry of judgment imposing a sentence of twenty to twenty five years, defendant appealed. Facts necessary for decision are set out in the opinion.

*Attorney General Edmisten, by Assistant Attorney General J. Chris Prather, for the State.*

*Kenneth L. Eagle for defendant appellant.*

MORRIS, Chief Judge.

[1]   Defendant brings forward and argues twenty of his twenty-three assignments of error and combines them into fifteen arguments.

He first contends that the court committed reversible error in failing to quash the indictment and dismiss the habitual felon prosecution. Defendant takes the position that because the principal felony indictment did not refer to his alleged status as an habitual offender, the indictment alleging habitual offender status must be quashed and that prosecution dismissed. We disagree.

The Habitual Felons Act provides in pertinent part as follows:

> § 14-7.1. Persons defined as habitual felons. — Any person who has been convicted of or pled guilty to three felony offenses . . . is declared to be an habitual felon.

> § 14-7.2. Punishment. — When any person is charged by indictment with the commission of a felony . . . and is also charged with being an habitual felon as defined in § 14-7.1, he must,

upon conviction, be sentenced and punished as an habitual felon, as in this chapter provided, except in those cases where the death penalty is imposed.

§ 14-7.3. Charge of Habitual Felon.—An indictment which charges a person who is an habitual felon within the meaning of § 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony.

. . . .

§ 14-7.5. Verdict and Judgment.—When an indictment charges an habitual felon with a felony as above provided and an indictment also charges that said person is an habitual felon as provided herein, the defendant shall be tried for the principal felony as provided by law. The indictment that the person is an habitual felon shall not be revealed to the jury unless the jury shall find that the defendant is guilty of the principal felony. . . . If the jury finds the defendant guilty of a felony, the bill of indictment charging the defendant as an habitual felon may be presented to the same jury. Except that the same jury may be used, the proceedings shall be as if the issue of habitual felon were a principal charge. If the jury finds that the defendant is an habitual felon, the trial judge shall enter judgment according to the provisions of this article.

§ 14-7.6. Sentencing of habitual felons.—When an habitual felon as defined in this chapter shall commit any felony under the laws of the State of North Carolina, he must, upon conviction or plea of guilty under indictment in form as herein provided . . . be sentenced as an habitual felon; and his punishment must be fixed at a term of not less than 20 years in the State prison nor more than life imprisonment. . . .

*State v. Allen*, 292 N.C. 431, 432, 233 S.E. 2d 585, 586-87 (1977).

In *State v. Allen*, supra, the Court discussed this Act noting that proper construction of the Act contemplates that when a person who has attained habitual felon status is indicted for the com-

mission of another felony, he may also, in another bill, be charged with being an habitual felon. The Court noted that there are currently in this country three recidivist type procedures by which sentences, otherwise statutorily appropriate for a given felony, may be increased. One type requires the allegation of recidivism in the indictment charging the principal offense, and the same jury tries both. Another type of procedure is a supplemental proceeding in which a multiple offender charge is filed after conviction for the substantive offense. If, in that proceeding, defendant is found to be a multiple offender, the sentence given for the substantive offense may be vacated and a longer sentence imposed. The third type is that contemplated by the North Carolina Habitual Felon Act. "This type proceeding requires the indictment or information charging the defendant to be separated into two parts, the first alleging the present, or substantive crime, and the second alleging defendant's recidivist status." *Id.* at 434. This was done in this case. Defendant's interpretation of the statutory requirements could indeed result in prejudice to the defendant. The statute requires that defendant be tried on the substantive offense first. Not until he is convicted of the offense charged can the presence of the habitual felon indictment be revealed to the jury. The defendant has notice that he is being charged as an habitual offender before he pleads to the present offense. The possibility of his entering a guilty plea on the expectation that the maximum punishment would be that provided in the statute for that offense is eliminated. We do not believe the legislature intended to require that the first indictment, notifying defendant of the substantive charge, should include his recidivist status. That is the function of the second indictment. Nor can we sustain defendant's suggestion that the Act cannot pass constitutional muster. See *Rummel v. Estelle*, 445 U.S. 263, 63 L.Ed. 2d 382, 100 S.Ct. 1133 (1980); *Spencer v. Texas*, 385 U.S. 554, 17 L.Ed. 2d 606, 87 S.Ct. 648 (1967); *State v. Allen*, supra. This assignment of error is overruled.

[2] Defendant next contends that the delay in empanelling the jury at the habitual felon proceedings constituted reversible error for that G.S. 15A-1221 requires that the jury be empanelled prior to the state's offering evidence, and G.S. 14-7.5 requires that, "except that the same jury may be used, the proceedings shall be as if the issue of habitual felon were a principal charge." Defendant

accurately sets out the statutory provisions, and if a question of double jeopardy were involved, we would probably agree with him. However, that is not the case here. We perceive no prejudice to defendant by the failure of the court officially to re-empanel the jury, even if that were necessary, prior to the beginning of the proceedings. If error was committed, it was technical error. Mere technical error is not sufficient to require the granting of a new trial. The error must be so prejudicial as to affect the result. *State v. Stanfield,* 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham,* 30 N.C. App. 67, 226 S.E. 2d 387 (1976); G.S. 15A-1443(a). This assignment of error is also overruled.

[3] Counsel for defendant, on the day of trial, attempted to withdraw because he believed that defendant would testify and perjure himself. He urges that the court's refusal to allow him to withdraw constituted a denial of effective assistance of counsel to defendant. Upon defendant's notice of appeal, the court reappointed counsel to prosecute defendant's appeal. This, he urges, was an abuse of discretion. From the record before us it is abundantly clear that defendant was quite well represented. It is also clear that the court did not abuse his disdretion and that the defendant suffered absolutely no prejudice. We commend counsel for his candor in bringing these matters before us, but we cannot sustain the position, and we overrule these assignments of error.

Defendant next contends that the court committed reversible error in admitting evidence of the out-of-court and in-court identification of defendant by the witness Everett Body. He bases this contention on two premises: (1) that at the time of the identification, defendant did not have counsel, and (2) that the procedure used was unduly suggestive. Neither position can be sustained. Witness Body, an employee of Hop In, Incorporated, testified that between 11:00 p.m. on 22 July and 7:00 a.m. on 23 July, he saw defendant twice. The first time defendant came in the store, witness was talking with a police officer who was in the store. Defendant got a pie, checked out, and left. The police officer left, and in about ten minutes defendant came in again. Witness was putting drinks in the cooler. Defendant came over, got a Mountain Dew and told witness to check him. When witness looked up, defendant had a knife to witness's chest and demanded money. Defendant said he wanted the money in the safe, came around the counter holding the knife on witness all the time. The store was

well lighted and witness could see defendant well. He gave defendant the money from the safe and the cash register. Defendant then, by use of the knife, forced witness to go back to the drink stand where defendant got a six pack. The witness, having been told by his employer not to try to be a hero but just to get a good description, observed defendant closely. Some 30 minutes later, defendant was brought to the store by officers and witness went out to the patrol car where defendant was seated and, without encouragement from the officers, said that he was the man who had robbed him.

[4] Defendant had not been charged with anything at the time the officers took him to the Hop In store. It was still the investigatory stages of the incident. At this stage, there was obviously no right of counsel, nor was it required that a knowing and voluntary waiver of counsel be obtained. In *State v. Sanders,* 33 N.C. App. 284, 287, 235 S.E. 2d 94, 96 (1977), *cert. denied,* 293 N.C. 257, 237 S.E. 2d 539 (1977), we said:

> The constitutional right to counsel at an identification procedure does not attach until "the initiation of adversary *judicial* criminal proceedings whether by way of formal charge, preliminary hearing, indictment or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1977) (emphasis added). *See, State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

[5] Since there was no right of counsel, therefore no abridgement of a constitutional right, the identification evidence need not be excluded for that reason. Nor was the procedure so unduly suggestive as to offend due process requirements. The factors to be considered when making a determination of whether the "totality of circumstances" surrounding the procedure was so unduly suggestive as to create a substantial likelihood of misidentification are: the witness's opportunity to observe the defendant at the time the crime was committed, his attentiveness, the accuracy of his description, the length of time elapsing between the time of the commission of the crime and the identification procedure, and the degree of the witness's certainty. *See Neil v. Biggers,* 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375 (1972). Applying these factors to the case before us, it is perfectly clear that the evidence of identification was admissible. The court found facts

which were fully supported by the evidence and which supported his conclusions. This assignment of error is overruled.

**[6]** During the course of the trial it was brought to the court's attention that the newspaper the day before had carried an article about the habitual felon prosecution. The court had instructed the jury at the time the court was recessed for the day that they were not to discuss the case, listen to anything about it on radio or television, or receive anything about the case outside the courtroom. The court questioned the jurors and determined that two had seen the headline to the article but neither had read the article. The court ruled that seeing the headline did not violate his instructions and again instructed the jury not to read anything about the case and to disregard anything they might have seen. Defendant's motion for mistrial was denied and he assigns this as error. It is well established that, absent a finding of substantial and prejudicial error (see G.S. 15A-1061), the granting or denial of a motion for mistrial lies in the sound discretion of the trial judge. *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19 (1957); *State v. Mills,* 39 N.C. App. 47, 249 S.E. 2d 446 *cert. denied,* 296 N.C. 588, 254 S.E. 2d 33 (1978); *Thompson v. Town and Country Construction Co.,* 39 N.C. App. 240, 249 S.E. 2d 810 (1978). There is no showing of substantial prejudice to defendant. We perceive no abuse of discretion in the ruling of the trial court. This assignment of error is without merit.

Each of the remaining assignments of error brought forward and argued by defendant has been examined with care. We find none with sufficient merit to require discussion. Counsel for defendant has been diligent in attempting to find error and has not overlooked any possibility. Defendant, however, represented by able counsel, had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and BECTON concur.