STATE OF NORTH CAROLINA v. CURTIS LEE WINSTEAD

No. 859SC340

(Filed 3 December 1985)

**Criminal Law § 141.1— habitual offender—trial within twenty days of last indict-
ment—no error**

There was no error in requiring defendant to stand trial as an habitual
felon within twenty days of indictment where defendant was indicted on 4
September 1984 for attempted robbery with a dangerous weapon and with be-
ing an habitual felon in one indictment and with being an habitual felon in a
separate indictment; a new bill of indictment was returned on 4 September for
attempted armed robbery which described the weapon in more detail; both in-
dictments for attempted armed robbery charged defendant with violation of
the habitual felon statute and referred to the 4 September indictment which
set forth the previous felony convictions; defendant moved for a continuance
on December 3 on the grounds that counsel had been appointed only two days
before trial; and the motion was denied and the trial held on 5 December.
N.C.G.S. 14-7.3, 14-7.1.

APPEAL by defendant from *Hobgood, Judge.* Judgment en-
tered 6 December 1984 in Superior Court, PERSON County. Heard
in the Court of Appeals 16 October 1985.

*Attorney General Lacy Thornburg, by Special Deputy Attor-
ney General Isham B. Hudson, Jr., for the State.*

*Appellate Defender Adam Stein, by First Assistant Appel-
late Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

BECTON, Judge.

The defendant, Curtis Lee Winstead, appeals from a convic-
tion of attempted robbery with a dangerous weapon and being an
habitual felon.

Defendant was indicted on 4 September 1984 for attempted
armed robbery and for being an habitual felon as defined in N.C.
Gen. Stat. Sec. 14-7.1 (1981). Also on 4 September 1984, a separate
indictment was returned charging defendant with being an habit-
ual felon. On 4 December 1984, a new bill of indictment for at-
tempted armed robbery was returned by the grand jury. The new
indictment was identical to the first attempted armed robbery in-
dictment except that the weapon, which had been described as a
"stick of wood" in the first indictment, was described in the new

indictment as a "stick of oak firewood, three (3) inches thick and twenty-one (21) inches long." Both indictments for attempted armed robbery charged defendant with violation of the habitual felon statute, and both referred to the separate 4 September 1984 indictment charging defendant with being an habitual felon which set forth the previous felony convictions. The habitual felon indictment was not resubmitted to the grand jury.

The attempted armed robbery and habitual felon charges were joined for trial. The defendant moved for a continuance on the ground that counsel had been appointed on 3 December 1984, only two days before trial. The trial court denied the motion, and the trial was held on 5 December 1984. Defendant was convicted on both charges. The only issue on appeal is whether the trial court erred in requiring defendant to stand trial on the habitual felon charge within twenty days of the second attempted armed robbery indictment. We believe the defendant waived his right to a twenty-day delay under this statute, and, in any event, the defendant can show no prejudicial error.

First we note that the defendant failed to raise this issue before the trial court. The defendant's motion for a continuance was based solely on the ground that counsel had been appointed only two days before trial. The statute specifically provides for a twenty-day delay before trial on an habitual felon charge, but then says: "provided, the defendant may waive this 20-day period." G.S. Sec. 14-7.3; *cf. State v. Davis*, 38 N.C. App. 672, 248 S.E. 2d 883 (1978) (discussing waiver of right under N.C. Gen. Stat. Sec. 15A-943(b) to one week between arraignment and trial); *State v. Shook*, 293 N.C. 315, 237 S.E. 2d 843 (1977) (defendant properly asserted his right under G.S. Sec. 15A-943(b) and raised the issue at trial). Nevertheless, we address the merits of defendant's appeal, especially since defendant contends there is ambiguity in the statute.

The habitual felon indictment was returned on 4 September 1984, more than twenty days before the defendant was tried on that charge. Defendant contends that the twenty-day period runs from the date of the indictment charging the principal, or substantive, offense, attempted armed robbery. Because the attempted armed robbery indictment upon which trial proceeded was returned one day before trial, defendant argues the twenty-day

rule was violated. We disagree with defendant's reasoning and conclusion.

The defendant's suggestion that the statute should be read to allow twenty days from the indictment on the substantive felony is rejected. The statute reads:

> An indictment which charges a person who is an habitual felon within the meaning of G.S. 14-7.1 with the commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. . . . No defendant charged with being an habitual felon in a bill of indictment shall be required to go to trial on said charge *within 20 days of the finding of a true bill by the grand jury*; provided, the defendant may waive this 20-day period.

G.S. Sec. 14-7.3 (emphasis added). Admittedly, the statute could be more clear, but we believe "true bill" refers to the separate indictment for the habitual felon charge. Therefore, the twenty-day period runs from the time the grand jury returns an indictment on the habitual felon charge.

We realize that an habitual felon indictment is ancillary to the indictment for the substantive felony and cannot stand on its own. *See State v. Allen*, 292 N.C. 431, 233 S.E. 2d 585 (1977). An habitual felon indictment must be supported by a valid indictment on a substantive charge. In the case at bar, the original indictment for attempted armed robbery was not fatally defective just because it failed to specify the type of wood of which the stick was made or the thickness or length of the stick. Indeed, it is not clear why the State saw fit to amend the language in the original indictment in light of the Supreme Court's holding in *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977) (indictment sufficiently alleges deadly weapon if it (1) names the weapon, and (2) either states that it was a "deadly weapon" *or* alleges facts that necessarily show its deadly character). The first indictment alleged that defendant used a "deadly weapon." The second attempted armed robbery indictment was not necessary to make the habitual felon indictment valid. Thus, the habitual felon indict-

ment was supported by a valid indictment for a substantive felony from 4 September 1984 through the time of the trial, and the trial on the habitual felon charge was held more than twenty days after the grand jury returned a valid indictment on that charge.

Finally, it is important to keep in mind the purpose behind the twenty-day delay:

> One basic purpose behind our Habitual Felons Act is to provide notice to defendant that he is being prosecuted for some substantive felony *as a recidivist*. Failure to provide such notice where the state accepts a guilty plea on the substantive felony charge may well vitiate the plea itself as not being knowingly entered with full understanding of the consequences. . . . Since the statute makes no distinction between guilty pleas and jury verdicts of guilt the same notice requirement prevails in either event.

*Allen*, 292 N.C. at 436, 233 S.E. 2d at 588 (citation omitted); *see State v. Keyes*, 56 N.C. App. 75, 78, 286 S.E. 2d 861, 863 (1982). Clearly, defendant in our case had notice that he was being tried as a recidivist and that he should orient his strategy accordingly. The defendant had more than twenty days from the time he was indicted as an habitual offender, and each indictment on the attempted armed robbery charge clearly charged defendant with being an habitual offender and referred to the separate indictment for that crime as required by statute.

For the reasons set forth above, we find

No error.

Chief Judge HEDRICK and Judge PARKER concur.