An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 15-239

Filed: 20 October 2015

Person County, Nos. 14 CRS 417, 1743, 50266

STATE OF NORTH CAROLINA

v.

DAVID LAVON FOWLER

Appeal by Defendant from judgment entered 19 November 2014 by Judge William Osmond Smith III in Person County Superior Court. Heard in the Court of Appeals 28 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General J. Joy Strickland, for the State.*

> *Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for Defendant-Appellant.*

INMAN, Judge.

David Lavon Fowler ("Defendant") appeals from a judgment entered upon jury verdicts finding him guilty of driving while impaired ("DWI"), felony fleeing to elude arrest, driving while license revoked ("DWLR"), and reckless driving. Defendant also pled guilty to attaining habitual felon status. We find no error.

**Factual and Procedural Background**

On 14 February 2014, Defendant was driving home when off-duty Person County Sheriff's Deputy Robert McLaughlin ("Deputy McLaughlin") noticed him driving at a high rate of speed and swerving between lanes. Deputy McLaughlin followed Defendant and alerted the Sheriff's Department and Roxboro Police by radio. Because of Deputy McLaughlin's warning, Deputy Adam Norris ("Deputy Norris") waited for Defendant on the side of the road in his unmarked pickup truck.

As Defendant approached him, Deputy Norris activated his blue lights and siren and attempted to initiate a traffic stop. Shortly thereafter, Defendant, Deputy McLaughlin, and Deputy Norris reached the city of Roxboro, and Defendant stopped at a red light. which allowed Deputy Norris to pull directly behind him. Nonetheless, Defendant proceeded down the road after the light turned green and continued driving until he was forced to stop by a Roxboro Police officer who was blocking the road. Officers removed Defendant from the car and took him into custody.

Defendant was indicted on 10 March 2014 for habitual DWI, felony fleeing to elude arrest, DWLR, and reckless driving. A second indictment charging Defendant with attaining habitual felon status was issued on 13 October 2014. Defendant was subsequently arrested and served with this indictment on 31 October 2014.

Beginning 17 November 2014, Defendant was tried by a jury in Person County Superior Court. That morning, Defendant met with his appointed counsel, who informed him that his trial was set for that day. Defendant made an oral motion for

a continuance and to discharge appointed counsel in order to retain separate counsel. In support of his motion to continue, Defendant made several broad claims that he and his appointed counsel were "at each other's throats" and had engaged in a "shouting match" earlier that morning. The court denied Defendant's motion.

Prior to trial, the parties stipulated to Defendant's prior DWI convictions as the underlying convictions for the habitual DWI charge. On 19 November 2014, the jury returned verdicts finding Defendant guilty of one count each of DWI, felony fleeing to elude arrest, DWLR, and reckless driving. Following the jury's verdicts, the trial court adjudicated Defendant guilty of habitual DWI based upon his stipulation. Defendant then pled guilty to attaining habitual felon status. After arresting judgment on the reckless driving and DWLR convictions, the trial court consolidated the remaining convictions into one judgment and sentenced Defendant to a term of 87 to 117 months of imprisonment. Defendant appeals.

**Analysis**

The sole issue on appeal is whether the trial court erred in denying Defendant's motion to continue. Specifically, Defendant contends that the trial court erred in denying his motion because he received notice of the habitual felon indictment only seventeen days before his trial, rather than the twenty days required by statute. We disagree.

"We review a trial court's resolution of a motion to continue for abuse of discretion." *State v. Morgan*, 359 N.C. 131, 143, 604 S.E.2d 886, 894 (2004), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). "Generally, the denial of a motion to continue, whether a constitutional issue is raised or not, is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and that he suffered prejudice as a result of the error." *State v. Rogers*, 352 N.C. 119, 124, 529 S.E.2d 671, 675 (2000).

Initially, we note that Defendant did not raise his current argument in support of his motion to continue at trial. Instead, Defendant sought a continuance based on his desire to substitute retained counsel for his appointed counsel. Defendant also made some assertions about being unprepared for trial due to problems with his counsel, but he made no claims regarding the timing of the habitual felon indictment. "It is well established that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." *State v. Tellez*, 200 N.C. App. 517, 521, 684 S.E.2d 733, 736 (2009) (internal quotation marks and citation omitted). Thus, Defendant's argument is not properly before us.

Moreover, even if this issue had been preserved, we find it to be without merit. N.C. Gen. Stat. § 14-7.3 provides:

> An indictment which charges a person who is an habitual
> felon within the meaning of G.S. 14-7.1 with the

commission of any felony under the laws of the State of North Carolina must, in order to sustain a conviction of habitual felon, also charge that said person is an habitual felon. The indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony. . . . No defendant charged with being an habitual felon in a bill of indictment shall be required to go to trial on said charge *within 20 days of the finding of a true bill by the grand jury*; provided, the defendant may waive this 20-day period.

N.C. Gen. Stat. § 14-7.3 (2013) (emphasis added). Defendant concedes that more than twenty days elapsed between the grand jury's issuance of the habitual felon indictment and the start of his trial. Nevertheless, he contends that a literal reading of the statute would "completely annihilat[e]" the statute's purpose of providing Defendants with notice of the State's intent to try them as recidivists.

In *State v. Winstead*, this Court rejected this argument, holding that "'true bill' refers to the separate indictment for the habitual felon charge. Therefore, the twenty-day period runs from the time the grand jury returns an indictment on the habitual felon charge." 78 N.C. App. 180, 182, 336 S.E.2d 721, 723 (1985). Since Defendant concedes that he stood trial more than twenty days after the grand jury returned the habitual felon indictment, we are bound by our decision in *Winstead* to find his argument meritless. *See In Re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Defendant received a fair trial, free from error.

NO ERROR.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).