STATE OF NORTH CAROLINA v. SEBASTIAN WILLIAMS

No. 903SC69

(Filed 3 July 1990)

1. **Criminal Law § 1283 (NCI4th)— charge of habitual felon— sufficiency of indictment**

An indictment returned by the Pitt County Grand Jury charging defendant with being an habitual felon and expressly setting forth each of the underlying felonies of which defendant was charged and convicted as being in violation of an enumerated N.C. General Statute sufficiently stated the name of the state or sovereign against whom the felonies were committed to comport with the requirements of N.C.G.S. § 14-7.3.

STATE v. WILLIAMS

[99 N.C. App. 333 (1990)]

**Am Jur 2d, Indictments and Informations §§ 46, 49.**

2. **Criminal Law § 1062 (NCI4th) — sentencing hearing — no attempt by court to circumvent parole process**

The trial court did not improperly consider the impact of each of the sentencing options under N.C.G.S. § 14-1.1(a)(3) on defendant's parole eligibility with the intention of trying to circumvent the parole process, since it was defendant who initiated a colloquy during the sentencing hearing regarding the length of incarceration; at no time did the trial court express dissatisfaction with the length of time that would be served; and the court's comment to members of the jury explaining the difference in the sentences as it pertained to parole eligibility was made after both the discharge of the jury and the entry of judgment.

**Am Jur 2d, Criminal Law §§ 525 et seq.**

ON writ of certiorari to review judgment entered 12 July 1989 in PITT County Superior Court by *Judge William C. Griffin.* Heard in the Court of Appeals 8 June 1990.

Defendant was convicted of common law robbery and of being an habitual felon. The trial court consolidated the convictions for judgment and imposed an active sentence of fifty years' imprisonment. Defendant sought review of the judgment entered by petition for writ of certiorari. By order entered 7 September 1989 this Court allowed defendant's petition.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Allen Jernigan, for the State.*

*Assistant Public Defender Carlos W. Murray, Jr. for defendant-appellant.*

WELLS, Judge.

[1]  By his first assignment of error, defendant challenges the trial court's denial of his motion to dismiss the habitual felon indictment, contending that the allegations of the indictment fail to sufficiently set out a charge of habitual felon because the indictment does not allege the name of the state or other sovereign against whom the felony offenses were committed. We disagree.

G.S. § 14-7.3 sets forth the requisites for a proper indictment stating the charge of habitual felon and provides in pertinent part that "[a]n indictment which charges a person with being an habitual felon must set forth . . . the name of the state or other sovereign against whom said felony offenses were committed[.]" It is well established that an indictment is sufficient under the Habitual Felons Act if it provides notice to a defendant that he is being tried as a recidivist. *State v. Winstead*, 78 N.C. App. 180, 336 S.E.2d 721 (1985) (*citing State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977)). The indictment returned by the Pitt County Grand Jury charging defendant with being an habitual felon expressly set forth each of the underlying felonies of which defendant was charged and convicted as being in violation of an enumerated "North Carolina General Statute." We believe this is a sufficient statement of the name of the state or sovereign against whom the felonies were committed to comport with the requirements of G.S. § 14-7.3 and *State v. Winstead*. The trial court therefore did not err in denying defendant's motion to dismiss.

[2] By his remaining assignment of error, defendant challenges the manner in which the trial court arrived at the sentence imposed. Defendant was convicted of common law robbery, a felony, N.C. Gen. Stat. § 14-87.1, and of being an habitual felon. G.S. § 14-7.6 requires that "[w]hen an habitual felon . . . shall commit any felony under the laws of the State of North Carolina, he must, upon conviction . . . be sentenced as a Class C felon."

Defendant does not challenge the imposition of a sentence beyond the presumptive term under G.S. § 15A-1340.4 of the Fair Sentencing Act. Instead, he asserts that the trial court erred in its choice of which maximum sentence to impose, as allowed by G.S. § 14-1.1(a)(3). That provision empowers the trial court, in cases where the imposition of the maximum sentence for a class C felony is appropriate, with the discretionary authority to impose a term of imprisonment for fifty years or for life. The thrust of defendant's argument in support of this assignment of error appears to be that the trial court improperly considered the impact of each of the sentencing options under G.S. § 14-1.1(a)(3) — fifty years' imprisonment or life imprisonment — on defendant's parole eligibility, to the effect that the trial court impermissibly intruded upon the custodial function of the executive branch of government, circumventing the parole process. *See State v. Snowden*, 26 N.C. App. 45, 215 S.E.2d 157, *cert. denied*, 288 N.C. 251, 217 S.E.2d 675 (1975).

It is well established that a defendant's sentence "must be vacated and the case remanded for resentencing when the record affirmatively shows that the sentence was imposed after the trial judge stated dissatisfaction with the length of time committed offenders remain in custody and after he expressed an incorrect assumption as to the timing of parole eligibility." *State v. Swimm,* 316 N.C. 24, 340 S.E.2d 65 (1986) (and cases cited therein). Close scrutiny of the record in this case in accordance with this standard does not convince us that defendant is entitled to a new sentencing hearing.

Although the record discloses that a colloquy occurred between defendant and the trial court during the sentencing hearing regarding the length of incarceration, the subject of this colloquy was the computation of credit for good behavior to which defendant would be entitled under G.S. § 14-7.6. Significantly, it was not the trial court but defendant who attempted an explication of the procedures involved. At no time during this colloquy did the trial court express any dissatisfaction with the length of time that would be served. We also note that the record contains the court reporter's affidavit of the redacted comment of the trial court to members of the jury, explaining the difference between fifty years' imprisonment and life imprisonment as it pertains to parole eligibility. The record clearly indicates, however, that this comment was made after both the discharge of the jury and the entry of judgment. Again, the trial court expressed no dissatisfaction regarding the amount of time to be served. Although such a comment following the conclusion of the case was arguably improper, we cannot conclude that it rises to the level of the trial court's expressly employing the sentencing process "to thwart the parole process." *State v. Snowden, supra.* Defendant is therefore not entitled to a new sentencing hearing.

In the trial we find

No error.

The judgment imposing sentence is

Affirmed.

Judges JOHNSON and EAGLES concur.