STATE OF NORTH CAROLINA v. TERRY DALE ROBINSON

No. 211PA93

(Filed 5 November 1993)

**Constitutional Law § 166 (NCI4th); Homicide § 5 (NCI4th) — year and a day rule — abrogation between crime and death — depriving defendant of rule — ex post facto violation**

Depriving defendant of the defense of the "year and a day rule" based on the prospective abrogation of that rule by judicial action in *State v. Vance*, 328 N.C. 613 (1991), violates the prohibition against *ex post facto* laws where the murderous acts occurred prior to the abrogation and the victim's death occurred after the abrogation but more than a year and a day after the murderous acts. If defendant is prosecuted for murder based on abrogation of the "year and a day" rule subsequent to defendant's assault on the victim but prior to the time the victim died, he is deprived of a defense that was allowed by the law in effect at the time of his murderous acts, and consequently his conviction could be obtained on less evidence than was required of the State at the time of those acts. U.S. Const. art. I, § 10; N.C. Const. art. I, § 16.

**Am Jur 2d, Constitutional Law § 634 et seq.; Homicide § 14.**

**Homicide as affected by lapse of time between injury and death. 60 ALR3d 1323.**

**Supreme Court's views as to what constitutes an ex post facto law prohibited by Federal Constitution. 53 L. Ed. 2d 1146.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision by a unanimous panel of the Court of Appeals, 110 N.C. App. 284, 492 S.E.2d 357 (1993), vacating an order entered 31 October 1991 by McHugh, J., in Superior Court, Guilford County, which dismissed the bill of indictment. Heard in the Supreme Court 11 October 1993.

*Michael F. Easley, Attorney General, by Linda M. Fox, Assistant Attorney General, for the State.*

*John Bryson for defendant-appellant.*

STATE v. ROBINSON

[335 N.C. 146 (1993)]

WHICHARD, Justice.

On 18 October 1988 defendant assaulted his estranged wife, Gina Robinson. On 5 April 1989 defendant was convicted of assault with a deadly weapon inflicting serious injury with intent to kill as a result of this incident. He was sentenced to sixteen years imprisonment. Mrs. Robinson became comatose on the date of the assault and remained so for over two and a half years until her death on 30 May 1991. Prior to her death, but subsequent to the assault, we abolished the common law "year and a day" rule by our decision in *State v. Vance*, 328 N.C. 613, 403 S.E.2d 495 (1991). The opinion was filed on 2 May 1991; the final mandate issued on 22 May 1991.

Defendant was indicted for first-degree murder on 9 September 1991 based on the death of his wife from this assault. On 29 October 1991 defendant moved to dismiss the indictment based on the indictment's allegations showing that the victim died more than a year and a day after the assault. The trial court allowed the motion. The Court of Appeals reversed. *State v. Robinson*, 110 N.C. App. 284, 492 S.E.2d 357 (1993). On 1 July 1993 this Court granted defendant's petition for discretionary review.

The sole issue is whether depriving defendant of the defense of the "year and a day" rule based on our prospective abrogation of that rule in *Vance* violates the prohibition against *ex post facto* laws where the murderous acts occurred prior to the abrogation and the victim's death occurred after the abrogation but more than a year and a day after the murderous acts. We hold that it does and accordingly reverse the decision of the Court of Appeals.

The United States and the North Carolina Constitutions prohibit the enactment of *ex post facto* laws. U.S. Const. art. I, § 10 ("No state shall . . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts . . . ."); N.C. Const. art. I, § 16 ("Retrospective laws, punishing acts committed before the existence of such laws and by them only declared criminal, are oppressive, unjust, and incompatible with liberty, and therefore no ex post facto law shall be enacted."). The United States Supreme Court first interpreted the *ex post facto* clause in *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798). Justice Chase there stated that the following laws were *ex post facto*:

STATE v. ROBINSON

[335 N.C. 146 (1993)]

> Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. . . . Every law that aggravates a crime, or makes it greater than it was, when committed. . . . Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. . . . Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Id.* at 390, 1 L.Ed. at 650. The focus of the *ex post facto* clauses is legislative action; however, the Supreme Court of the United States held in *Bouie v. City of Columbia*, 378 U.S. 347, 354-55, 12 L. Ed. 2d 894, 900-01 (1964), that the retroactive application of an unforeseeable judicial modification of a criminal statute that deprives a defendant of due process is prohibited by the Fifth and Fourteenth amendments to the United States Constitution. *See also Marks v. United States*, 430 U.S. 188, 191-92, 51 L. Ed. 2d 260, 264-65 (1977) (holding violation of *ex post facto* clause prohibitions based on retroactive application of standards created judicially for interpretation of the statute which was basis of charge); *Vance*, 328 N.C. at 620-21, 403 S.E.2d at 501 (holding that prospective application of abrogation of the "year and a day" rule is compelled by the Fifth and Fourteenth amendments to the United States Constitution). Though the United States Supreme Court concluded that the United States Constitution prohibits the disadvantageous retroactive application of judicial modification of a criminal statute to a defendant, we implicitly recognized in *Vance* that the United States Constitution also would prohibit disadvantageous retroactive application of judicial modification of criminal common law to a defendant.

By judicial action, we abrogated the common law "year and a day" rule in *Vance* and limited that abrogation to prospective application. Prior to *Vance* the "year and a day" rule created a presumption that if the death of the victim occurred more than a year and a day after the assault, defendant's actions were not the cause of death. *State v. Orrell*, 12 N.C. (1 Dev.) 139 (1826). In *Beazell v. Ohio*, 269 U.S. 167, 169-70, 70 L. Ed. 216, 217 (1925), the United States Supreme Court stated that "any statute . . . which deprives one charged with crime of any defense available according to the law at the time when the act was committed,

STATE v. ROBINSON

[335 N.C. 146 (1993)]

is prohibited as *ex post facto*." By the same reasoning, a judicial action applied retroactively that would have the same effect also would be banned by the Fifth and Fourteenth amendments of the United States Constitution. If we consider the criminal act to have been committed at the time of the assault, the "year and a day" rule, which was the law in effect on that date, would be a defense available to defendant which would prohibit the State from prosecuting defendant for murder. If we consider the act to have been committed at the time of the victim's death, based on the abrogation of the "year and a day" rule in effect on that date, defendant would not have this defense against the murder charge.

In *Vance* we held that the abrogation of the "year and a day" rule could not be applied to defendant Vance because retroactive application would have allowed his conviction "upon less evidence than would have been required to convict him of that crime at the time the victim died and would [have], for that reason, violate[d] the principles preventing the application of *ex post facto* laws." *Vance*, 328 N.C. at 622, 403 S.E.2d at 501 (citing *Calder*, 3 U.S. (3 Dall.) at 390, 1 L. Ed. at 650). There, both the defendant's murderous acts and his victim's death occurred prior to our abrogation of the "year and a day" rule. We would have reached the same result whether we considered the date of the defendant's murderous acts or the date of the victim's death as critical for purposes of *ex post facto* analysis. Both events occurred prior to our abrogation of the "year and a day" rule, and thus the effective law was the same on both dates.

We faced a similar situation to the case at bar in *State v. Detter*, 298 N.C. 604, 260 S.E.2d 567 (1979). Detter poisoned her husband in January, February, and March of 1977. At that time the punishment for murder was life imprisonment. Subsequent to Detter's murderous acts, the death penalty became effective on 1 June 1977. Detter's husband died on 9 June 1977. The death penalty statute was to have prospective effect: "The provisions of this act shall apply to murders committed on or after the effective date of this act." 1977 N.C. Sess. Laws, Ch. 406, s. 8. We held that the death penalty could not be imposed on Detter without violating the prohibition against *ex post facto* laws and stated that "for purposes of the prohibition against *ex post facto* legislation, . . . the date(s) of the murderous acts rather than the date of death is the date the murder was committed." *Detter*, 298 N.C. at 638, 260 S.E.2d at 590. We also noted that choosing either the

date of the murderous act or the date of death as the date the act was committed "should be dictated by the nature of the inquiry." *Id.*

Here the nature of our inquiry must be different from that in *Vance* and similar to that in *Detter* because the law applying to defendant's crime was different on the critical dates of the assault and of the victim's death. It is not dispositive that on the date of the assault defendant could not yet assert the defense because the victim had not yet died beyond the period of the rule; rather, the question is, what was the law on the date of the assault, *i.e.,* what defenses were potentially available to defendant at that time. If defendant is prosecuted for murder based on our abrogation of the "year and a day" rule subsequent to the assault but prior to the time the victim died, he is deprived of a defense that was allowed by the law in effect at the time of his murderous acts, and consequently his conviction could be obtained on less evidence than required of the State at the time of those acts. Such retroactive application of judicial action deprives defendant of due process of law under the United States Constitution and our decision in *Vance*. We thus hold that to apply the abrogation of the "year and a day" rule to defendant in this case would violate *ex post facto* prohibitions.

Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals with instructions to remand to the Superior Court, Guilford County, for reinstatement of the order dismissing the bill of indictment.

REVERSED AND REMANDED.