STATE OF NORTH CAROLINA v. COYE HAVEN KIRKPATRICK

No. 338A96

(Filed 10 February 1997)

**Criminal Law § 1140 (NCI4th Rev.)— habitual felon adjudications—same convictions—use to enhance and aggravate sentence**

The trial court could properly rely on defendant's present adjudication as an habitual felon to enhance defendant's present sentence from a Class I to a Class C felony and then use his 1987 habitual felon adjudication as an aggravating factor to increase the enhanced sentence when both habitual felon adjudications were based upon the same three convictions. However, the trial court could not consider as separate aggravating factors both the status of being an habitual felon and the felonies underlying the habitual felon adjudication.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**Determination of character of former crime as a felony, so as to warrant punishment of an accused as a second offender. 19 ALR2d 227.**

Justice FRYE dissenting.

Justice WEBB joins in this dissenting opinion.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 123 N.C. App. 86, 472 S.E.2d 371 (1996), finding no error in a trial that resulted in a sentence of forty-six years' imprisonment for uttering an instrument bearing a forged endorsement, enhanced by the finding that defendant is an habitual felon, entered by Allen (J.B., Jr.), J., on 21 April 1994 in Superior Court, Alamance County. Heard in the Supreme Court 12 December 1996.

*Michael F. Easley, Attorney General, by J. Mark Payne, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant-appellant.*

STATE v. KIRKPATRICK

[345 N.C. 451 (1997)]

WHICHARD, Justice.

Defendant worked at Po' Folks restaurant in Burlington, North Carolina, during 1993. That fall Sherri Mann worked at the restaurant for approximately three weeks. After leaving her employment there, Mann did not receive her final paycheck in the amount of $24.05. On 7 November 1993 defendant was arrested after he attempted to cash Mann's check at a convenience store.

On 20 April 1994 a jury found defendant guilty of uttering a check bearing a forged endorsement, a Class I felony, in violation of N.C.G.S. § 14-120. The following day the trial court conducted a separate proceeding on the charge of being an habitual felon. Based on evidence that defendant pled guilty to breaking and entering and larceny in 1972, felony larceny in 1982, and felony larceny in 1984, the jury determined that defendant met the habitual felon requirements pursuant to N.C.G.S. § 14-7.1. The finding that defendant is an habitual felon required the trial court to enhance defendant's sentence to that of a Class C felony. N.C.G.S. § 14-7.6 (1993).

The presumptive term for a Class C felony is fifteen years; however, the trial court may impose a sentence greater or lesser than the presumptive term upon consideration of aggravating and mitigating factors. N.C.G.S. § 15A-1340.4(a), (f) (1988) (repealed effective 1 October 1994; reenacted as N.C.G.S. § 15A-1340.16(b) effective 1 October 1994). Here, the trial court found as factors in aggravation that "defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement" and that "defendant has previously been adjudicated as an habitual offender on April 27, 1987 and received a 15 year sentence." The trial court also found three factors in mitigation: (1) that defendant exercised caution to avoid serious bodily harm or fear to other persons; (2) that when confronted by a police officer on 7 November 1993, defendant was cooperative; and (3) that defendant was a good employee and a hard worker. The trial court then determined that the aggravating factors outweighed the mitigating factors and sentenced defendant to forty-six years' imprisonment, thirty-one more than the presumptive term of fifteen years.

The record further indicates that defendant was also adjudicated an habitual felon in 1987 following his conviction for possession of stolen property. The 1987 adjudication was based on the same three guilty pleas as the 1994 habitual felon adjudication. Not considered in either determination of defendant's status as an habitual felon were

defendant's 1976 guilty plea to breaking and entering a motor vehicle and larceny from an auto, his 1977 guilty plea to felonious attempted safecracking, and his 1986 guilty plea to possession of stolen property. These three guilty pleas served as the bases for the trial court's finding of the "prior convictions" aggravating factor here.

The sole issue is whether the trial court could find the adjudication of defendant as an habitual felon in 1987 as a factor in aggravation of defendant's current sentence. Defendant contends that in considering the 1987 habitual felon adjudication, the trial court impermissibly relied on defendant's status as an habitual felon to first enhance defendant's sentence from a Class I to a Class C felony and then to aggravate the enhanced sentence. He argues that not only is it improper to "double use" his habitual felon status, but it is equally inappropriate to aggravate a current sentence based on the severity, or lack thereof, of a prior punishment.

In making his argument, defendant insinuates that the trial court considered the sentence for his prior habitual felon adjudication rather than the status created. In his findings concerning the existence of aggravating factors, the trial court stated that: "In case 86 CrS 1826 the defendant has previously been adjudicated as an habitual offender on April 27, 1987 and received a 15 year sentence." Defendant has not demonstrated from this statement that the trial court improperly relied on defendant's prior sentence. We conclude from the record that the trial court was merely finding that defendant had been previously adjudicated an habitual felon rather than commenting on the minimal sentence defendant received, as defendant argues.

We therefore turn to defendant's primary argument that in enacting the Fair Sentencing Act, the legislature intended that a defendant's past criminal record be considered only once during the sentencing process and that here the trial court impermissibly used defendant's record dually by considering his 1987 habitual felon adjudication to both enhance and aggravate his current sentence.

Pursuant to the Fair Sentencing Act, the trial court may consider any aggravating factors it finds proved by the preponderance of the evidence that are reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a); *State v. Ahearn*, 307 N.C. 584, 595, 300 S.E.2d 689, 696 (1983). We have held that factors which relate to the character or conduct of the offender may serve as justification for increasing or decreasing the presumptive term. *State v. Chatman*,

308 N.C. 169, 180, 301 S.E.2d 71, 78 (1983). The status of being an habitual felon is a characteristic that, in the trial court's discretion, may warrant an increase in the presumptive term.

The primary purpose of a recidivist statute is

to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes.

*Rummel v. Estelle*, 445 U.S. 263, 284, 63 L. Ed. 2d 382, 397 (1980). Defendant has prior convictions for: (1) felonious breaking and entering a motor vehicle and larceny from a vehicle, (2) felonious attempted safecracking, and (3) possession of stolen property, in addition to the three felonies upon which his habitual felon status is based. Such history of criminal conduct clearly relates to the character of this defendant, specifically to a persistent· inability to stay within the confines of the law. A primary purpose of sentencing is to punish an offender with the degree of severity that his culpability merits. *State v. Thompson*, 318 N.C. 395, 397-98, 348 S.E.2d 798, 800 (1986). Here, defendant's recidivist nature is a direct reflection on his culpability, thereby permitting the trial court to find as a factor in aggravation that the defendant had previously been adjudicated an habitual felon.

Further support for our decision is found in *State v. Roper*, 328 N.C. 337, 402 S.E.2d 600, *cert. denied*, 502 U.S. 902, 116 L. Ed. 2d 232 (1991). In *Roper* the defendant was convicted of first-degree murder, first-degree rape, and first-degree kidnapping and was adjudicated an habitual felon. The defendant appealed on the basis that the trial court used the same felonies both to establish the habitual felon status and to aggravate the kidnapping conviction. He argued that since those prior convictions were essential elements of the habitual felon "crime," their use as an aggravating factor was prohibited by *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983) (holding that the trial court erred in finding an element of the crime also to be a factor in aggravation). This Court held that the status of habitual felon is not a crime in and of itself. The *Blackwelder* limitation therefore did not apply because the prior convictions were not essential

STATE v. KIRKPATRICK

[345 N.C. 451 (1997)]

elements of the kidnapping crime for which defendant was convicted. *Roper*, 328 N.C. at 363, 402 S.E.2d at 615.

We discern little difference between what this Court sanctioned in *Roper* and what occurred here. It is clearly permissible for the sentencing court to rely on prior criminal convictions punishable by more than sixty days' confinement to aggravate a current sentence even where those convictions serve as the basis of an habitual felon adjudication. Likewise, the trial court may in its discretion consider as a factor in aggravation the fact that a defendant was previously adjudicated an habitual felon, in addition to enhancing punishment based on a later finding of the same. We caution only that the trial court cannot consider as separate aggravating factors both the status of being an habitual felon and the felonies underlying the habitual felon adjudication.

Accordingly, the decision of the Court of Appeals is affirmed.

AFFIRMED.

Justice FRYE dissenting.

The question raised by the appeal in this case may be restated as follows: May a defendant whose sentence for an offense has been enhanced because he is a habitual felon have that sentence further increased because he was previously adjudged and punished as a habitual felon when the same convictions were used as the basis for both habitual felon determinations? I think not.

Defendant pled guilty to three felonies—in 1972, 1982, and 1984. In 1987, defendant pled guilty to another felony and, based on the three prior felonies, was determined to be a habitual felon and accordingly received an enhanced sentence. In 1994, defendant was found guilty of uttering a check bearing a forged endorsement—a Class I felony with a presumptive sentence of two years. Based on the same 1972, 1982, and 1984 convictions, defendant was again determined to be a habitual felon, thus enhancing the uttering offense to a Class C felony with a presumptive sentence of fifteen years. The question then is whether the court may enhance defendant's sentence for the 1994 conviction based on the habitual felon determination in 1994 and then further increase the sentence by the fact that, based on the same 1972, 1982, and 1984 convictions, he was determined to be, and was sentenced as, a habitual felon in 1987. The majority says yes. I dissent.

TISE v. YATES CONSTRUCTION CO.

[345 N.C. 456 (1997)]

I do not believe that the legislature, in enacting the Fair Sentencing Act, intended that the same convictions could be used as a basis for enhancing a sentence in one case (1987), then enhancing the sentence in a subsequent case (1994) while further increasing that sentence by finding as an aggravating factor that "defendant has previously been adjudicated as an habitual offender." Our decision in *Roper* does not require this result. I would not expand *Roper*. We should draw the line somewhere.

Justice WEBB joins in this dissenting opinion.