STATE OF NORTH CAROLINA v. RAMULUS ANGELLEO MASON

No. COA96-337

(Filed 20 May 1997)

### 1. Criminal Law § 1308 (NCI4th Rev.)— violent habitual felon statute—constitutionality

Pursuant to our Supreme Court's reasoning in *State v. Todd*, 313 N.C. 110, 326 S.E.2d 249 (1985), North Carolina's violent habitual felon statute, N.C.G.S. §§ 14-7.7-7.12, does not violate defendant's constitutional rights.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.**

Imposition of enhanced sentence under recidivist statute as cruel and unusual punishment. 27 ALR Fed. 110.

2. **Criminal Law § 1311 (NCI4th Rev.)— violent habitual felon—separate indictment—no due process violation**

Defendant's due process rights were not violated because one indictment charged defendant with aggravated assault and a separate indictment charged him with being a violent habitual felon since the legislature did not intend to require the indictment which contained the substantive charge to include defendant's recidivist status.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19-21.**

3. **Criminal Law § 1310 (NCI4th Rev.)— habitual felon indictment—substantive felony—conviction of lesser included offense**

There was no fatal variance where the violent habitual felon indictment alleged that defendant committed the felony of assault with a deadly weapon with intent to kill inflicting serious injury rather than the lesser included offense for which defendant was convicted since defendant was not defending himself against the predicate substantive felony, but against the charge that he was previously convicted of the required number of felonies. Furthermore, the habitual felon statute does not require a specific reference to the predicate substantive felony.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19-21.**

4. **Criminal Law § 1310 (NCI4th Rev.)— violent habitual felon—indictment—reference to state of prior felony**

A violent habitual felon indictment gave defendant sufficient notice of the state in which the felony of manslaughter was committed where the indictment indicated that defendant committed a prior aggravated assault in "Wake County, North Carolina" and that judgment was entered in "Wake County"; the indictment listed the manslaughter as occurring in Wake County; and the indictment thus indicates that Wake County is in North Carolina.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 20.**

**5. Criminal Law § 1308 (NCI4th Rev.)— violent habitual felon—predicate substantive felonies reclassified—not ex post facto law**

Defendant's right against *ex post facto* laws was not violated by the treatment of defendant's prior felonies as Class E felonies for establishing violent habitual felon status after they were reclassified by the enactment of the Structured Sentencing Act to Class E felonies from Class H and F felonies since defendant's status as a violent habitual felon serves only to enhance his punishment for the predicate substantive felony and not to punish him for prior felonies.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 15, 21.**

**Chronological or procedural sequence of former convictions as affecting enhancement of penalty under habitual offender statutes. 7 ALR 5th 263.**

**6. Assault and Battery § 26 (NCI4th)— intentional shootings—sufficiency of evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury based upon insufficiency of the evidence where the State's evidence that defendant intended to seriously injure the victim showed that defendant and the victim were engaged in a heated argument; defendant retrieved a gun from his car and told the victim "you don't believe I'll shoot"; defendant pointed the gun at the victim; the gun had either misfired, was unloaded or there was no shell in its chamber and defendant subsequently recocked, reloaded or chambered the shell; and the trigger on the gun was within normal range.

**Am Jur 2d, Assault and Battery § 53.**

Appeal by defendant from judgment entered 30 November 1995 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 9 January 1997.

On 20 June 1995, a grand jury indicted defendant Ramulus Angelleo Mason for assault with a deadly weapon with intent to kill inflicting serious injury for shooting the victim, Ricky Wilson, with a sawed-off shotgun. Based on defendant's prior convictions for assault

STATE v. MASON

[126 N.C. App. 318 (1997)]

with a deadly weapon inflicting serious injury in 1987 and voluntary manslaughter in 1992, the grand jury also issued a separate indictment for the status of violent habitual felon.

The State's evidence at trial tended to show that the victim and another man, Alex Hayes, had been arguing. Hayes left the scene and later returned with a sawed-off shotgun, accompanied by the defendant and defendant's brother. During a scuffle between Hayes and the victim, the trigger of the gun was pulled and the shotgun was heard to "click" but did not fire. Defendant took the gun from Hayes and placed it in a car. Defendant, defendant's brother and the victim then began arguing. Defendant told the victim, "you don't think I'll shoot you," and ran back to the car to retrieve the gun. As the victim turned to walk away, defendant shot him in the side from a distance of about eight to ten feet. Defendant presented no evidence.

On 30 November 1995, the jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury. The jury also found defendant was a violent habitual felon. The trial court sentenced defendant to life imprisonment without parole pursuant to N.C. Gen. Stat. § 14-7.12. From this judgment, defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas B. Wood, for the State.*

*John T. Hall for defendant-appellant.*

McGEE, Judge.

[1] Defendant first contends the violent habitual felon statute, N.C. Gen. Stat. §§ 14-7.7 through 14-7.12 is unconstitutional on its face because it denies a defendant due process and equal protection, denies freedom from *ex post facto* laws, denies freedom from cruel and unusual punishment, and denies a defendant freedom from double jeopardy. However, our Supreme Court has addressed these same issues in regard to the habitual felon statute, N.C. Gen. Stat. §§ 14-7.1 through 14-7.6, and determined that the General Assembly "acted within constitutionally permissible bounds in enacting legislation designed to identify habitual criminals and to authorize enhanced punishment as provided." *State v. Todd,* 313 N.C. 110, 118, 326 S.E.2d 249, 253 (1985). We find the Supreme Court's reasoning in *Todd* equally applies to the violent habitual felon statute. *See Todd,* 313 N.C. at 117-18, 326 S.E.2d at 253. Therefore, the violent habitual felon statute is not unconstitutional on its face.

STATE v. MASON

[126 N.C. App. 318 (1997)]

**[2]** Defendant also contends the statute is unconstitutional as applied to him. Defendant argues "there was a violation of procedural due process prejudicial to him as well as circumstances which manifest inherent unfairness or injustice, in the application of the statute to him." We disagree.

In this case, defendant was charged in one bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury, and in a separate bill of indictment with being a violent habitual felon. Defendant argues he was not legally charged as a violent habitual felon because the indictment charging him with assault with a deadly weapon did not also charge that he is a violent habitual felon. This Court has already rejected this argument with regard to the habitual felon statute. *See, e.g., State v. Keyes,* 56 N.C. App. 75, 78, 286 S.E.2d 861, 863 (1982) ("We do not believe the legislature intended to require that the first indictment, notifying defendant of the substantive charge, should include his recidivist status. That is the function of the second indictment."); *State v. Hodge,* 112 N.C. App. 462, 466-67, 436 S.E.2d 251, 254 (1993). Because the structure and wording of the charging statutes for both habitual felons and violent habitual felons are virtually identical, *see* N.C. Gen. Stat. § 14-7.3 and N.C. Gen. Stat. § 14-7.9, we hold *Keyes* and *Hodge* control and find no merit to this argument.

**[3]** Defendant next argues the indictment as a violent habitual felon should be dismissed because it alleges, *inter alia,* he "establish[ed] himself as a violent habitual felon pursuant to N.C.G.S. 14-7.7 when he did commit the felony of assault with a deadly weapon with intent to kill inflicting serious injury [on May 25, 1995]." Defendant contends that because he was convicted of the lesser included offense of assault with a deadly weapon inflicting serious injury, there was a fatal variance between the evidence presented and the indictment. We find no merit to this argument.

"[An] habitual felon indictment is not required to specifically refer to the predicate substantive felony." *State v. Cheek,* 339 N.C. 725, 727, 453 S.E.2d 862, 863 (1995). This is so because the defendant is not defending himself against the predicate substantive felony, but against the charge that he has been previously convicted of the required number of felonies. *Id.* at 729, 453 S.E.2d at 864. Further, assault with a deadly weapon inflicting serious injury is also a violent felony for which a defendant may be punished as an habitual violent offender. *See* G.S. 14-7.7(b)(1). We find no prejudice to defendant.

**[4]** Defendant next argues the violent habitual offender indictment should be dismissed because it fails to name the state in which the felony of manslaughter was committed. The indictment states, in material part,

> On December 3, 1982, in Wake County, North Carolina, the defendant committed the felony of assault with a deadly weapon inflicting serious injury and was thereafter charged and was found guilty by a jury and judgment was entered in Wake County Superior Court on June 9, 1987; and on March 20, 1992, in Wake County the defendant committed the felony of voluntary manslaughter and was thereafter charged and pleaded guilty and judgment was entered in Wake County Superior Court on September 9, 1992.

We find no prejudicial error.

While G.S. § 14-7.9 requires an indictment for violent habitual offender to include, among other things, "the name of the state or other sovereign against whom the violent felonies were committed," the name of the state need not be expressly stated if the indictment sufficiently indicates the state against whom the felonies were committed. *See State v. Williams*, 99 N.C. App. 333, 334-35, 393 S.E.2d 156, 157 (1990) (indictment which charged prior felonies were in violation of an enumerated North Carolina General Statute held sufficient to comply with state name requirement under habitual felon charging statute). "It is well established that an indictment is sufficient under the Habitual Felons Act if it provides notice to a defendant that he is being tried as a recidivist." *Williams*, 99 N.C. App. at 335, 393 S.E.2d at 157. Here, the indictment stated the prior assault with a deadly weapon inflicting serious injury occurred in "Wake County, North Carolina" and that judgment was entered in Wake County Superior Court. The indictment listed the voluntary manslaughter as occurring in "Wake County," but did not list a state. However, because the description of the assault conviction indicates Wake County is within North Carolina, and the indictment states both judgments were entered in Wake County Superior Court, we believe this, along with the dates of the offenses and convictions, is sufficient to give defendant the required notice.

**[5]** Defendant next argues that because the crimes of assault with a deadly weapon inflicting serious injury and voluntary manslaughter were Class H and F felonies respectively at the time of commission, treating them as Class E felonies for establishing violent habitual

offender status violated his protection against *ex post facto* laws. We disagree. We first note that although N.C. Gen. Stat. § 14-7.7 defines violent felonies as "[a]ll Class A through E felonies," it also includes "[a]ny repealed or superseded offense substantially equivalent" to class A through E felonies. With the enactment of the Structured Sentencing Act, the General Assembly superseded the statutes concerning assault with a deadly weapon inflicting serious injury and voluntary manslaughter and reclassified these crimes as Class E felonies. *See* N.C. Gen. Stat. § 14-19 and N.C. Gen. Stat. § 14-32. Further, an impermissible *ex post facto* law is one which, among other things, aggravates a crime or makes it a greater crime than when committed, or changes the punishment of a crime to make the punishment greater than the law permitted when the crime was committed. *State v. Robinson*, 335 N.C. 146, 147-48, 436 S.E.2d 125, 126-27 (1993). Because defendant's status as a violent habitual felon serves only to enhance his punishment for the predicate substantive felony, the 25 May 1995 assault with a deadly weapon, and not to punish defendant for the prior felonies, *see State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977), there is no violation of defendant's rights against *ex post facto* laws. *See Todd*, 313 N.C. at 117-18, 326 S.E.2d at 253.

**[6]** Defendant next argues the trial court erred by denying his motion to dismiss the charge of assault with a deadly weapon inflicting serious injury based upon insufficiency of the evidence. Specifically, defendant alleges there was insufficient evidence of intent to inflict serious injury because there was some evidence tending to show defendant thought the gun was unloaded. We disagree.

Upon a motion to dismiss, the court must determine if there is substantial evidence to support the allegations in the indictment. *State v. Franklin*, 327 N.C. 162, 171-72, 393 S.E.2d 781, 787 (1990).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . If there is any evidence tending to prove guilt or which reasonably leads to this conclusion as a fairly logical and legitimate deduction, it is for the jury to say whether it is convinced beyond a reasonable doubt of defendant's guilt.

*Id.* (citations omitted). "If there is more than a scintilla of competent evidence to support allegations in the warrant or indictment, it is the court's duty to submit the case to the jury." *State v. Everhardt*, 96 N.C. App. 1, 11, 384 S.E.2d 562, 568 (1989) (quoting *State v. Horner*,

248 N.C. 342, 103 S.E.2d 694 (1958)), *aff'd*, 326 N.C. 777, 392 S.E.2d 391 (1990). In this case, the State presented more than a scintilla of evidence tending to show defendant intended to seriously injure the victim.

Here, defendant and the victim were engaged in a heated argument. Defendant ran to the car to retrieve the gun, and told the victim "you don't believe I'll shoot you." Defendant pointed the gun at the victim. The State's expert witness on firearms testified the clicking sound made when the trigger was pulled during the earlier scuffle between the victim and Hayes meant the gun either misfired, was unloaded, or there was no shell in the chamber. In order for the gun to fire after any of these occurrences, in addition to loading the gun or chambering the shell, if necessary, the gun had to be recocked. The expert also testified the trigger pull on the gun was within the normal range, meaning that "you know you are pulling the trigger when you do so." He also testified the gun would not fire unless the trigger was pulled or a blow of moderate force struck the rear of the gun. The State presented sufficient evidence that defendant intentionally shot the victim for the case to be submitted to the jury. This assignment of error is overruled.

Lastly, defendant argues the trial court erred by "accepting the verdict of the jury" concerning the violent habitual offender charge and sentencing defendant to life imprisonment without parole. Defendant principally relies on the same arguments we have already rejected. Defendant also makes three additional arguments concerning the wording of the verdict sheet, the testimony of an assistant clerk of Superior Court for Wake County, and an alleged problem with the Notice of Reinstatement form. We find no merit to these arguments.

For the reasons stated, we find the defendant received a trial free from prejudicial error.

No Error.

Judges COZORT and JOHN concur.