STATE OF NORTH CAROLINA v. JIMMY MONICK HALL

No. COA05-129

(Filed 1 November 2005)

## 1. Sentencing— habitual offender—not cruel and unusual

The trial court's use of seven prior misdemeanor convictions to enhance a sentence already enhanced under the Habitual Felon Act was consistent with N.C.G.S. § 15A-1340.14 and with legislative purpose and was not cruel and unusual punishment.

## 2. Constitutional Law— effective assistance of counsel—failure to object to record level

Defendant did not demonstrate ineffective assistance of counsel where his trial counsel did not object to his assigned prior record level, but defendant did not show that not objecting was unreasonable or that there was any probability of a different result without the alleged error.

Appeal by defendant from judgment entered 16 September 2004 by Judge Clarence E. Horton, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 12 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General LaShawn L. Strange, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellant.*

TYSON, Judge.

Jimmy Monick Hall ("defendant") appeals judgment entered after a jury found him to be guilty of obtaining property by false

pretenses and attempting to obtain property by false pretenses. We find no error.

## I. Background

On 16 September 2004, a jury found defendant guilty of removing two DVD collections from the shelf of a retail store and receiving store credit for the DVDs in the amount of $510.38. Defendant was also convicted of attempting to obtain store credit at BJ's Warehouse Club for a seventeen inch and an eighteen inch monitor. Following the jury's verdicts, defendant pled guilty to being an habitual felon and the trial court sentenced him to 121 to 155 months imprisonment. Defendant appeals.

## II. Issues

Defendant asserts: (1) the trial court erred in imposing a Class C Level V sentence instead of a Class C Level III sentence; and (2) if an objection in the trial court was required to preserve this error, the failure of trial counsel to object to his sentence at prior record level V constitutes ineffective assistance of counsel.

## III. Cruel and Unusual Punishment

[1] Defendant argues the State's use of prior misdemeanor convictions to enhance a sentence already enhanced under the Habitual Felon Act constitutes cruel and unusual punishment. We disagree.

The United States Supreme Court stated:

> The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes.

*Rummel v. Estelle*, 445 U.S. 263, 284, 63 L. Ed. 2d 382, 397 (1980). The Supreme Court also stated, "[o]utside the context of capital punishment successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* at 273, 382 L. Ed. 2d at 390.

N.C. Gen. Stat. § 14-7.1 (2003) provides, "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon."

Defendant pled guilty and does not contest on appeal having attained the status of an habitual felon. His uncontested prior record shows seven prior felony and eleven prior misdemeanor convictions. Upon his conviction of an habitual felon, defendant was classified as a Class C felon and received a sentence of between 121 to 155 months pursuant to the North Carolina Structured Sentencing Act. N.C. Gen. Stat. § 14-7.6 (2003).

N.C. Gen. Stat. § 14-7.6 states:

When an habitual felon as defined in this Article commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article (except where the felon has been sentenced as a Class A, B1, or B2 felon) be sentenced as a Class C felon.

Defendant argues the use of his prior misdemeanor convictions in enhanced sentencing due to being an habitual felon resulted in cruel and unusual punishment under the Eighth Amendment to the United States Constitution. U.S. Const. amend. VIII. In addition to the United States Supreme Court opinion in *Rummel*, our Supreme Court has stated, "our legislature has acted with constitutionally permissible bounds in enacting legislation designed to identify habitual criminals and to authorize enhanced punishment." *State v. Todd*, 313 N.C. 110, 118, 326 S.E.2d 249, 253 (1985), *cert. denied*, —— N.C. ——, 547 S.E.2d 39 (2001). The Court stated, "[l]egislation which is designed to identify habitual criminals and which authorizes enhanced punishment has withstood eighth amendment challenges." *Id.* at 119, 326 S.E.2d at 254.

One purpose of N.C. Gen. Stat. § 15A-1340.14 is to deter and segregate career criminals from continuing to commit crimes. Another purpose is to remove recidivist criminals from preying on the public through progressively longer incarceration with each criminal conviction. The trial court's use of defendant's eleven prior misdemeanors and seven prior felonies to enhance his sentencing is consistent with the legislative intent and purpose "to identify habitual criminals and to authorize enhanced punishment." *Id.* at 118, 326 S.E.2d at 253. A sentence consistent with the statute does not consti-

tute cruel and unusual punishment under the Eighth Amendment. The assignment of error is overruled.

### IV. Ineffective Assistance of Counsel

**[2]** Defendant argues the failure of trial counsel to object to a sentence at a prior record level V constituted ineffective assistance of counsel. We disagree.

The United States Supreme Court provided a two-prong test for a defendant to establish ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). The test requires:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*

Defendant failed to show either requirement of this test. Defendant's only argument was that counsel failed to object to the trial court's sentence imposed upon defendant, after he pled guilty to being an habitual felon. Defendant does not dispute the validity of any of his prior convictions. The record contains a knowing and voluntary transcript of plea.

The Supreme Court stated, "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 80 L. Ed. 2d at 694. Defendant failed to argue or show his trial counsel's failure to object to a permissible sentence was unreasonable. Defendant also failed to identify any probability that a different result would have occurred absent the alleged error of trial counsel. *Id.* This assignment of error is overruled.

### V. Conclusion

The trial court did not err in imposing a Class C Level V sentence instead of a Class C Level III sentence in violation of defendant's Eighth Amendment rights. Defendant has failed to show he received

ineffective assistance of counsel or that a different result at trial would have occurred but for his counsel's alleged error. Defendant received a fair trial free from errors he assigned and argued. We find no error in defendant's trial or sentence.

No error.

Judges JACKSON and JOHN concur.